IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41193
Summary Calendar
_____


ROGERS LEE JACKSON,

                                        Plaintiff-Appellant,

versus

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-660
--------------------
March 14, 2002

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    In Jackson v. Massanari, 122 S. Ct. 25 (2001), the Supreme
Court granted Rogers Lee Jackson's petition for writ of
certiorari, vacated the judgment, and remanded the case to this
court for further consideration in light of the position asserted
by the Solicitor General in his brief for the acting Commissioner
of Social Security ("Commissioner").  The issue before the Court
was whether Jackson's failure to identify his hearing loss

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

impairment in proceedings before the administrative law judge (ALJ) precluded him from alleging that impairment on judicial review of the ALJ's adverse decision.

The Solicitor General conceded, however, that Jackson did raise a hearing loss claim before the ALJ; therefore, he argued that the case should be remanded to the Commissioner to more fully develop the record on this issue.  "When a claimant is unrepresented by counsel, the ALJ has a duty scrupulously and conscientiously [to] probe into, inquire of, and explore for all the relevant facts."  Bowling v. Shalala, 36 F.3d 431, 437 (5th Cir. 1994) (internal quotation and citation omitted).  We therefore adopt the position of the Solicitor General and hold that Jackson did raise his hearing loss claim before the ALJ and that the ALJ should have more fully developed the record on this issue.

We therefore VACATE the judgment of the district court and REMAND the case to the district court, with instructions to vacate the Commissioner's decision and to remand the case to the Commissioner for further proceedings on only the issue whether Jackson is entitled to Supplemental Security Income benefits due to an alleged hearing loss.  The Supreme Court's remand left untouched our holdings on the other issues Jackson raised on appeal.

VACATED AND REMANDED.